IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 95-CR-054-TCK |
| | ) | (02-CV-704-TCK-PJC) |
| MULK RAJ DASS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER DISMISSING 28 U.S.C. § 2255 MOTION AS BARRED BY THE STATUTE OF LIMITATIONS

Before the Court is Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 188). The government filed a response to the § 2255 motion (Dkt. # 191). Defendant filed a reply (Dkt. # 194) to the government's response. Defendant also filed a "motion for a request to be furnished with evidence pertaining to movant's claims of defective indictment being decided by the two direct appeals or prior appeals and Court's permission to amend his § 2255 based on such evidence" (Dkt. # 193). For the reasons discussed below, the Court finds Defendant's § 2255 motion shall be dismissed with prejudice as barred by the statute of limitations. As a result, Defendant's motion to be furnished with evidence shall be declared moot.

### *BACKGROUND*

On December 18, 1995, Defendant was found guilty by a jury of one (1) count of conspiracy, and four (4) counts of wire fraud and aiding and abetting. On July 12, 1996, the Court sentenced Defendant to 37 months imprisonment on each count, to be served concurrently, 3 years supervised release on each count, to be served concurrently, and $25,000 in restitution. Judgment (Dkt. # 109)

was entered on July 16, 1996. Defendant appealed and on October 21, 1997, in No. 96-5176, the Tenth Circuit Court of Appeals affirmed Defendant's convictions but vacated his sentences and remanded for resentencing. See Dkt. # 148; United States v. Dass, 127 F.3d 1110 (10th Cir. 1997) (unpublished).

On May 15, 2000, the Court resentenced Defendant to the same sentence previously entered: 37 months imprisonment on each count, to be served concurrently, 3 years supervised release on each count, to be served concurrently, and $25,000 in restitution. A "Resentencing on Remand Judgment" (Dkt. # 175) was entered on June 1, 2000. Defendant appealed and on March 27, 2001, in No. 00-5119, the Tenth Circuit Court of Appeals affirmed Defendant's sentences. See Dkt. # 186. The mandate issued April 18, 2001. See id. at 7. On June 29, 2001, Defendant filed a motion to file a petition for rehearing out of time. On July 18, 2001, the Tenth Circuit denied the motion. (Dkt. # 188, Ex. 2). Defendant claims he filed a "writ of mandamus" at the United States Supreme Court on October 18, 2001. The record provided by Defendant contains a cover letter, dated October 17, 2001, from Defendant to the Clerk of the Supreme Court. (Dkt. # 188, Ex. A). Defendant also provides a letter from the Clerk of the Supreme Court, dated January 31, 2002, reflecting that a petition for an extraordinary writ of mandamus was received on January 17, 2002, and returning the papers to Defendant for failure to comply with the Rules of the Supreme Court. (Dkt. # 188, Ex. B).

On September 11, 2002, the Clerk of Court received for filing Defendant's 28 U.S.C. § 2255 motion (Dkt.# 188) presently before the Court. He identifies seven (7) issues for the Court's consideration. (Id. at 4). The government asserts, *inter alia*, that the § 2255 motion is untimely and barred by the statute of limitations. (Dkt. # 191).

*ANALYSIS*

Prior to enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 24, 1996, § 2255 contained no statute of limitations. The AEDPA amended 28 U.S.C. § 2255 by adding a time-limit provision. Specifically, 28 U.S.C. § 2255 now provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the fact supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. In this case, Defendant's conviction became final for purposes of the one-year limitations period on June 25, 2001, or ninety (90) days after the Tenth Circuit entered its Order of March 27, 2001. See United States v. Burch, 202 F.3d 1274, 1279 (10th Cir.2000) (stating that, "for purposes of § 2255, if a prisoner does not file a petition for a writ of certiorari, ... the one-year limitation begins to runs ... ninety days after this court['s]" decision). Therefore, absent a tolling event, Defendant had to file his § 2255 motion on or before June 25, 2002, to be timely.

Defendant filed his § 2255 motion on September 11, 2002,[1] or more than 2 months beyond the deadline. In response to the government's contention that the § 2255 motion is untimely,

---

[1] Under the prisoner mailbox rule, see Houston v. Lack, 487 U.S. 266, (1988), the earliest possible file date for the motion is August 29, 2002, the date reflected in Defendant's certificate of mailing. See Dkt. # 188.

3

Defendant argues that he had 90 days from July 18, 2001, the date the Tenth Circuit denied his motion to file a petition for rehearing out of time, to file a timely petition for writ of *certiorari* at the United States Supreme Court. Defendant asserts that ninety days after July 18, 2001, was October 17, 2001,[2] and that his one-year limitations period commenced on that date. As a result, he contends that his deadline for filing a timely § 2255 motion was October 17, 2002. See Dkt. # 194 at 5. Defendant concludes that since his § 2255 motion was filed well in advance of that deadline, it is timely. Id. at 6.

The Court disagrees with Defendant's argument. Pursuant to the Rules of the Supreme Court of the United States, the time for filing a petition for writ of *certiorari* runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate. See Rule 13(3), *Rules of the Supreme Court*. Furthermore, the time may begin to run from the date of an order denying rehearing, but only if the petition for rehearing is timely filed in the lower court, or if the lower court appropriately entertains an untimely petition for rehearing or *sua sponte* considers rehearing. See id. In this case, the time for filing a timely petition for writ of *certiorari* ran from March 27, 2001, the date the Tenth Circuit Court of Appeals entered its Order affirming Defendant's sentences entered after resentencing. Since Defendant did not file a timely petition for rehearing and the Tenth Circuit denied Defendant's motion to file a petition for rehearing out of time, the ninety day time period did not commence on July 18, 2001, as argued by Defendant. Defendant is not entitled to additional time as a result of his untimely effort to seek rehearing at the Tenth Circuit.

---

[2] According to the Court's calculations, October 16, 2001, was the ninetieth day after July 18, 2001. However, that distinction neither impacts the Court's analysis nor alters the conclusion that the § 2255 motion is untimely.

4

In addition, Defendant has not presented any justification constituting "extraordinary circumstances" warranting equitable tolling of the limitations period. See United States v. Willis, 202 F.3d 1279, 1281 n. 3 (10th Cir. 2000) (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)). Such circumstances exist if "the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.'" Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted). The habeas petitioner must also plead with "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." Miller v. Marr, 141 F.3d at 978. In this case, Defendant has not provided an explanation for his lack of diligence. The Court finds no basis for extending the limitations period applicable to the claims raised in Defendant's motion.

Therefore, Defendant's one-year limitations period began to run when his convictions and sentences became final, or on June 25, 2001. As a result, the Court concludes that Defendant's § 2255 motion, filed at the earliest on August 29, 2002, is untimely and shall be dismissed with prejudice as barred by the statute of limitations. Defendant's motion to be furnished with evidence shall be declared moot.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 188) is **dismissed with prejudice** as time-barred.

2. Defendant's motion to be furnished with evidence (Dkt. # 193) is **declared moot**.

3. A separate Judgment shall be entered as to Defendant's § 2255 motion.

SO ORDERED THIS 19th day of July, 2006.

*Terence Kern*

TERENCE KERN
UNITED STATES DISTRICT JUDGE